IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CRYSTAL COLE,<br><br>            **Plaintiff,**<br><br>    v.<br><br>BMS LOGISTICS, INC.,<br><br>            **Defendant.** | | **Case No. 4:19-cv-3105** |

## NOTICE OF REMOVAL

Defendant BMS Logistics, Inc. ("BMS"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, files this Notice of Removal, without waiving any rights to which it is entitled,[1] with respect to Case No. CI-19-2842 filed in the District Court of Lancaster County, Nebraska.  In support of this Notice, BMS states as follows:

**I.    BACKGROUND**

1.    On or about August 27, 2019, Plaintiff, Crystal Cole ("Plaintiff"), commenced a civil action against BMS in the District Court of Lancaster County, Nebraska (Case No. CI-19-2842) by filing her Complaint styled *Crystal Cole v. BMS Logistics, Inc*.  In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint and all other process, pleadings, and orders, if any, filed in the District Court of Lancaster County, Nebraska, are attached hereto as Exhibit A (hereinafter referred to as "Ex. A").

2.    On September 28, 2019, Plaintiff served the Complaint upon BMS' registered agent via certified mail.

---

[1] BMS intends only to make a limited, if any, appearance and does not by law or intent waive any objections or defects in service, nor does it by law or intent waive any of its affirmative or other defenses by filing this removal.

3. The Complaint purports to allege four causes of action: (1) gender discrimination in violation of the Nebraska Fair Employment Practices Act ("NFEPA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (2) retaliation in violation of the NFEPA and Title VII; (3) hostile work environment in violation of the NFEPA and Title VII; and (4) retaliatory hostile work environment in violation of the NFEPA and Title VII. (Ex. A, Complaint, pp. 5-6 ¶¶ 24-35 (26 *sic*).)

4. Plaintiff alleges in the Complaint, "The Equal Employment Opportunity Commission issued a Notice of Right to Sue on July 3, 2019 for the federal law claims." (Ex. A, Complaint, p. 1 ¶ 3.) Plaintiff also alleges "punitive damages are appropriate under federal law." (Ex. A, Complaint, pp. 5-6 ¶¶ 26, 29, 32, and 35 (26 *sic*).)

## II.     TIMELINESS OF REMOVAL

5. This Notice of Removal is timely because it is filed within thirty (30) days of service of the Summons and Complaint, which occurred on September 28, 2019, and within one (1) year of the commencement of this action, which occurred on August 27, 2019. *See* 28 U.S.C. § 1446(b).

## III.    VENUE

6. Pursuant to 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Nebraska, in Lincoln, Nebraska, as this action was originally brought in the District Court of Lancaster County, Nebraska. Therefore, venue is proper in the United States District Court for the District of Nebraska in Lincoln, Nebraska, because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## IV.     JURISDICTION BASED ON FEDERAL QUESTION

7.      Plaintiff's Complaint seeks relief under a federal statute, Title VII, 42 U.S.C §
2000e, *et seq*.  (Ex. A., Complaint, pp. 1-6, ¶¶ 1-35 (26 *sic*).)  Accordingly, the instant action is a
civil action arising under the laws of the United States over which the district courts of the United
States have original jurisdiction, and pursuant to 28 U.S.C. § 1331, removal is proper based on the
federal questions presented in this action.

8.      Inasmuch as this Court has original jurisdiction over the claims alleged in
Paragraph 7 above, the Court has supplemental jurisdiction over the remaining state law claims in
the Complaint, as all other claims asserted by Plaintiff are so related to the federal claims in the
action that they form part of the same case or controversy under Article II of the United States
Constitution.  *See* 28 U.S.C. § 1367(a).

9.      Claims within the action are part of the same case or controversy if they "derive
from a common nucleus of operative facts," *United Mine Workers v. Gibbs*, 383 U.S. 715, 725
(1966), and would therefore be expected to be tried in the same judicial proceeding.

10.     In this case, all of Plaintiff's claims derive from a common nucleus of operative
facts and are inextricably intertwined – i.e., the circumstances of Plaintiff's employment/working
relationship with BMS, the treatment of Plaintiff while performing work for BMS, and the reason
for Plaintiff's separation from BMS.  In fact, the federal and state law claims pled by Plaintiff are
inherently the same claims and will require the same evidence and facts to support and defend
against the claims.  As such, the federal and state law claims are claims that would ordinarily be
expected to be tried in one judicial proceeding and removal of the state law claims along with the
federal claims is proper.

11.    As such, this entire action is removable based upon this Court's original federal question and supplemental jurisdiction.  28 U.S.C. §§ 1331, 1367, 1441, and 1446.[2]

**V.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

12.    The Court also has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to the same because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

13.    Plaintiff's Complaint discloses that she is a resident of Lancaster County, Nebraska, and a citizen of Nebraska.  (Ex. A, Complaint, p. 1 ¶ 4.)[3]

14.    BMS, however, is not a citizen of Nebraska.  As a corporation, BMS is deemed a citizen of its state of incorporation and the state of its principal place of business.  *See* 28 U.S.C. § 1332(c)(1);  *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is generally where its headquarters is located).  BMS is a corporation incorporated in the State of Kansas with its principal place of business and corporate headquarters in St. Joseph, Missouri.  (Exhibit B, Declaration of Janie Lucas (hereinafter referred to as "Ex. B"), ¶ 3.)  As such, BMS is not a citizen of the State of Nebraska and the parties are, thus, completely diverse.  (*Id*.)

15.    Therefore, the "citizenship" component of the removal analysis is satisfied.

16.    BMS adamantly denies any liability as to Plaintiff and that it violated the law as alleged by Plaintiff.  Nonetheless, when, as in the instant matter, "damages are not fully specified

---

[2] While supplemental jurisdiction is satisfied, removal would also be proper under 28 U.S.C. § 1441(c).

[3] Moreover, the records available to BMS demonstrate Plaintiff has only resided in Nebraska and that BMS paid state employment-related taxes in connection with Ms. Cole in Nebraska only. BMS is not aware, based on reasonable investigation, of any residency or domicile of Plaintiff other than in the State of Nebraska.  Ex. B, ¶ 6.

in the state court complaint, the removing party "has the burden of proving that the amount in controversy exceeds the jurisdiction minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). *See also LRI Holding Co., LLC v. Bower*, No. 8:09CV7, 2009 WL 974783, at *2 (D. Neb. Apr. 9, 2009) (the proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum); *Gurrola v. Tyson Fresh Meats, Inc.*, No. 8:13CV312, 2014 WL 25594, at *2 (D. Neb. Jan. 2, 2014) (the removing party has the burden of proving the amount in controversy exceeds the jurisdictional minimum); *Martin v. Advance Stores Co.*, No. 8:13CV341, 2014 WL 320462, at *2 (D. Neb. Jan. 29, 2014) (the removing party has the burden of proving that the amount in controversy exceeds the jurisdictional minimum). Here, the amount in controversy requirement is satisfied because "the fact finder might legally conclude" that Plaintiff's damages exceed the jurisdictional minimum of $75,000. *Bell* at 958 (Under the preponderance standard, '[t]he jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…"). *See also Martin v. Advance Stores Co.*, No. 8:13CV341, 2014 WL 320462, at *2 (D. Neb. Jan. 29, 2014) (the jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are) (*citing Bell v. Hershey*)); *Perry v. Zoetis LLC*, No. 4:18CV3128, 2018 WL 6990817, at *1 (D. Neb. Dec. 18, 2018), report and recommendation adopted, No. 4:18CV3128, 2019 WL 162740 (D. Neb. Jan. 10, 2019) (under the preponderance standard, "the jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…") (*citing Bell v. Hershey*)).

17.     In determining whether a petition meets the $75,000 threshold of 28 U.S.C. § 1332(a), the Court must consider compensatory damages, punitive damages, and attorney's fees

in addition to lost wages. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages are included in calculating the amount in controversy); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees are included in calculating the amount in controversy).

18.     Plaintiff's Complaint seeks compensatory damages, back pay, front pay, and the value of job related benefits. (Ex. A, Complaint, pp. 5-7 ¶¶ 25, 28, 31, and 34.) Plaintiff requests any back pay damages be calculated at the pay rate she would have received had she been placed in the position to which she claims she applied in 2018, second shift supervisor. (Ex. A, Complaint, p. 7 ¶ 35(b) (26(b) *sic*).) When Plaintiff quit performing work for BMS on or about May 18, 2018, she was earning $14.02 per hour and typically worked 40 hours per week. (Ex. B, ¶ 4.) Had Plaintiff been placed in the position of a second shift supervisor, her annual salary would have been approximately $45,000. (Ex. B, ¶ 5.) As such, Plaintiff's back pay claim through the date of this removal is approximately $42,060 based on her actual ending pay rate, or is $64,903 based the second shift supervisor salary. Through the time of trial, assuming a conservative trial date of 18 months from the date of this Notice of Removal, Plaintiff's back pay claim will be approximately $86,363 based on her actual ending pay rate, or $132,403 based on the second shift supervisor salary. Moreover, Plaintiff is also seeking front pay. (Ex. A, Complaint, p. 7 ¶ 35(b) (26(b) *sic*).)

19.     In addition to lost earnings, which in and of itself may exceed $75,000, Plaintiff alleges she is entitled to punitive damages. (Ex. A, Complaint, p. 7 ¶ 26(e) (*sic*).)

20.     Counsel for Defendant BMS has over fourteen years of experience devoted to representing employers in labor and employment matters and is familiar with the range of verdicts in these types of cases. (Exhibit C, Declaration of David A. Yudelson (hereinafter referred to as

"Ex. C"), ¶ 3.) Based on the foregoing, Counsel for Defendant BMS believes the amount at interest or in controversy in this case exceeds $75,000, exclusive of interest and costs. (Ex. C, ¶ 5.)

21.     Furthermore, Nebraska juries have been known to award verdicts in excess of $75,000 in employment discrimination and retaliation claims. *See Ludlow v. BNSF Railway Company*, Case No. 4:12-CV-03113 (U.S. Dist. Ct., D. Neb. November 14, 2013) (jury verdict of $192,850 in back pay, $42,519 in front pay, $228,716 in attorney fees, and $8,633 in costs for a total recovery of $472,718 for a claim of retaliation under the NFEPA); *Ross v. Douglas County*, Case No. 8:98-CV-530 (Unknown State Ct. Neb. April, 2000) (jury verdict of $53,000 in back pay and $100,000 in other damages for a total recovery of $153,000 for claims of discrimination and retaliation under Title VII); and *McFarland v. Riley*, Case No. 4:99-CV-541 (Unknown State Ct. Neb. March, 2001) (jury verdict of $22,000 in back pay, $100,000 in other damages, and $10,000 in punitive damages, for a total recovery of $132,000 for a claim of sex discrimination under Title VII).

22.     Considered together, the damages sought by Plaintiff, along with the attorney's fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

23.     Based upon the allegations contained in Plaintiff's Complaint, BMS is informed and believes that Plaintiff seeks damages within the jurisdiction authority of this Court. Because diversity of citizenship exists between Plaintiff and BMS and the amount in controversy is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).

24.     This action is therefore a proper action for removal to this Court not only based on federal question, but also on diversity jurisdiction.

25.     In addition to filing this Notice of Removal in the office of the Clerk for the United States District Court for the District of Nebraska, BMS, through its undersigned counsel, certifies that it will provide notice of the removal to the District Court of Lancaster County, Nebraska, and to Plaintiff as required by 28 U.S.C. § 1446(d) to effectuate the removal.

26.     BMS requests a trial by jury on all matters raised in the above-captioned lawsuit and requests the place of trial be in the United States District Court located in Lincoln, Nebraska.

WHEREFORE, BMS requests removal of the above-captioned lawsuit from the District Court of Lancaster County, Nebraska, to the United States District Court for the District of Nebraska, and that a jury trial be held in the United States District Court for the District of Nebraska in Lincoln, Nebraska.  BMS further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

Dated: October 25, 2019

Respectfully submitted by,

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

/s/  David Yudelson
David A. Yudelson, NE Bar No. 23257
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630
Email: dyudelson@constangy.com

ATTORNEYS FOR DEFENDANT

- 8 -

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 25, 2019, the foregoing NOTICE

OF REMOVAL was filed with the Clerk of the Court via the Court's electronic case filing/ecf

system, and has served a true and correct copy of the same upon Plaintiff's counsel via e-mail:

Kathleen M. Neary
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508

ATTORNEYS FOR PLAINTIFF

/s/ David A. Yudelson
Attorney for Defendant

- 9 -